25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James H. TAYLOR, Plaintiff-Appellant,
v.
Thomas N. BRUNER, Jessamine County Jailer; Neal Cassity,
Jessamine County Judge Executive; Jack Lewis, Commissioner
of the Kentucky Corrections Cabinet; George Million,
Department of Corrections Program Administrator, in their
individual and official capacities, Defendants-Appellees.
 No. 93-6638.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before MARTIN and JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff was incarcerated at the Jessamine County Jail awaiting transfer to a state penal institution when he fractured his right knee cap on January 21, 1993. A cast was placed on his right leg. Three days later he was transferred to the Roederer Correctional Complex (Roederer) but his medical records were not sent with him. On January 26, 1993, he was examined by Dr. Grimm and on January 27 release of his medical records were sought. He was transferred to the Luther Luckett Correctional Complex on February 12 where he was screened by a nurse. Dr. Baisas examined him on February 19, ordered an x-ray and referred him to an orthopedic clinic. Also on February 19, plaintiff wrote to the Corrections Cabinet and informed it that he had been transferred to Roederer on the date that he allegedly had been scheduled for surgery and that the staff at Luther Luckett was not responding to his medical needs. Defendant Million responded to that letter on March 18 informing plaintiff that an orthopedic consultation indicated no recommendation for surgery. Meanwhile, Dr. Baisas issued plaintiff a canteen pass, prescribed a pain medication, and discussed the results of the x-ray. Plaintiff's cast was removed, he received three sessions of physical therapy, and received a written exercise program from the therapist. On March 26, he received a follow-up visit at a hospital at which time it was noted that he had good range of motion and that he needed to work on strengthening the knee.
 
 
 3
 Plaintiff filed a civil rights complaint against several defendants. The Corrections Cabinet was dismissed as a defendant. Plaintiff amended his complaint on May 18, 1993, naming as defendants Thomas Bruner, Jessamine County Jailor; Neal Cassity, Jessamine County Judge Executive; and Jack Lewis, Commissioner of the Kentucky Corrections Cabinet. George Million, Department of Corrections Program Administrator, was subsequently added as a defendant. All four men were sued in their individual and official capacity.
 
 
 4
 The defendants filed motions for summary judgment and the magistrate judge recommended granting the motions for summary judgment. Plaintiff objected. After de novo review, the district court judge determined that plaintiff failed to produce evidence that the defendants exhibited deliberate indifference to his medical needs, adopted the magistrate judge's report and recommendation, and granted the defendants' motions for summary judgment. Plaintiff appealed.
 
 
 5
 The court's review of an order granting summary judgment is de novo; it uses the same standard as used by the district court. Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 6
 In his appellate brief, plaintiff argues that defendant Bruner violated his rights by allowing him to be transferred to Roederer on the date he was allegedly scheduled for surgery, by failing to send his medical records with him and by failing to pay for his hospital bills. He argues that defendant Cassity violated his rights by failing to establish policies or procedures for the treatment and/or transfer of prisoners with medical problems and that he failed to adequately supervise the jailer's implementation of corrections policy. He also argues that defendant Lewis violated his rights by ignoring his complaints and failing to properly train and supervise subordinates. Finally, he argues that defendant Million violated his rights by showing deliberate indifference to his medical needs in failing to correct plaintiff's problems or investigate them fully after plaintiff advised him of his problems by mail.
 
 
 7
 To state a viable 42 U.S.C. Sec. 1983 claim, a plaintiff must allege: 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir.1992) (per curiam). Mere negligence in the diagnosis or treatment of a medical condition does not reach the level of deliberate indifference which is necessary to state a violation of plaintiff's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988), cert. denied, 489 U.S. 1068 (1989). The conduct must demonstrate deliberateness tantamount to an intent to punish. Id. at 243. An Eighth Amendment violation of plaintiff's rights has not been shown.
 
 
 8
 It is ORDERED that the decision of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.